UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-P510-M

**MICHAEL STRAIT**                                                                     **PETITIONER**

**v.**

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Michael Strait initiated this *pro se* action by filing a petition which he captions as a "Petition for an Order to be Transported to this Court for Purposes [of] Sentencing Pursuant to a Violation of Supervised Release." He states that he is incarcerated in the custody of the Kentucky Department of Corrections (KDOC) serving an eight-year sentence. He maintains that the United States Marshals Service issued a detainer for Petitioner charging him with violating the conditions of his supervised release in a criminal case against him in the U.S. District Court for the Middle District of Pennsylvania. Petitioner requests this Court to enter an "ORDER to the Kentucky Department of Corrections to bring him before this Court for purposes of sentencing him based on a detainer that has been lodged against him by the U.S. Marshal Service charging him with violating the conditions of his supervised release."

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Petitioner requests the Court to compel action by the KDOC, the Court construes the action as seeking mandamus relief. "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *See Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* at 1386. Such is the case here. The only relief sought by Petitioner is in the nature of mandamus relief. Moreover, while 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an **officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff" (emphasis added), Petitioner asks this Court to compel the KDOC to perform an act. The KDOC is an arm of the **state** government, and not an officer, employee, or agency of the United States. The Court, therefore, has no jurisdiction to award Petitioner the relief requested.

As Petitioner failed to demonstrate this Court's subject-matter jurisdiction, the instant action will be dismissed by separate Order pursuant to Fed. R. Civ. P. 12(h)(3).

Date: December 10, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner, *pro se*
4414.010

2